WINDELS MARX LANE & MITTENDORF, LLP
William C. Cagney
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone:     (732) 846-7600
Facsimile:     (732) 846-8877

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (*pro hac vice pending*)
Michael Goldberg (*pro hac vice pending*)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

*Attorneys for Movant Garrett Wyatt*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT SNELLINK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG and JING XIE,<br><br>Defendants. | No. 2:11-cv-02164-KSH-PS<br><br><br><br><br><br><br><br><br><br>Motion Day: July 18, 2011<br>Honorable Katharine S. Hayden |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GARRETT WYATT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Proposed lead plaintiff Garrett Wyatt ("Movant") respectfully submits the following memorandum of law in support of his motion for appointment as lead plaintiff and approval of lead counsel.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of Universal Travel Group ("UTG" or the "Company") securities between January 19, 2010 and April 12, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

UTG is a China-based travel services provider, focusing on the domestic tourism market for leisure and corporate travel and offering packaged tours, air ticketing and hotel reservation services.  Throughout 2010, the Company made a number of acquisitions, including travel agencies and travel services companies.

Plaintiff alleges that throughout the Class Period, defendants issued materially false or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, defendants misrepresented or failed to disclose that: (1) the pre-acquisition net income and revenue of certain companies UTG acquired were less than UTG represented; (2) there was a lack of evidence supporting certain tour package contracts and related cash payments: (3) as a result, the Company's financial statements were misstated; (4) the Company lacked adequate internal and financial controls; and (5) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On March 8, 2011, a research report was published on the Internet that questioned UTG's financial statements, business model and the valuation of certain recent acquisitions. Specifically, the report alleged that the net income and revenue of certain companies UTG had acquired in 2010 were far less than UTG had represented in its public filings.

On March 29, 2011, UTG unexpectedly announced it was indefinitely postponing a previously announced March 30 conference call to discuss its fiscal 2010 financial results. The Company claimed that the "postponement was not due to any accounting irregularities and [would] allow the Company and its independent auditors to complete their work on the financial statements and audit." Following this news, shares of UTG declined $1.06 per share, more than 19%, to close on March 30, 2011, at $4.33 per share, on unusually heavy volume.

Thereafter, on or around April 11, 2011, trading in UTG's common stock was unexpectedly halted on the New York Stock Exchange.

On April 14, 2011, the Company disclosed that on April 10, 2011, UTG received notification that its principal independent accountants, Windes & McClaughry Accountancy Corporation ("Windes"), had resigned its engagement with the Company effective April 9, 2011. Moreover, the Company disclosed that prior to its resignation, Windes had raised issues it encountered during the audit, including: issues related to the authenticity of confirmations; a loss of confidence in confirmation procedures carried out under circumstances that Windes believed to be suspicious; and issues concerning the lack of evidence of certain tour package contracts and related cash payments.

## II.    PROCEDURAL HISTORY

Plaintiff Albert Snellink ("Snellink") commenced the instant action on April 15, 2011, and

on April 16, 2011 counsel for Snellink published a notice of the pendency of plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service. *See* Declaration of Dale MacDiarmid In Support of Motion of Garrett Wyatt for Appointment As Lead Plaintiff and Approval of Lead Counsel (the "MacDiarmid Declaration") at Exhibit A.[1]

Movant files the instant motion pursuant to plaintiff Snellink's notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the April 16, 2011, notice.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[1] A related complaint filed April 19, 2011, in the Central District of California -- *Yen, et al. v. Universal Travel Group, et al.*, No 2:11-cv-03537-ODW-FMO -- was voluntarily dismissed June 14, 2011.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1.      Movant Is Making A Motion In Response To A Notice

On April 16, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Albert Snellink published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against UTG and certain of its executive officers, and advising purchasers of the Company's securities that they had until June 15, 2011, to file a motion to be appointed as lead plaintiff. *See In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

Movant files the instant motion pursuant to Albert Snellink's published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* MacDiarmid Declaration, Exhibit B.  Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2.      Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).

As demonstrated herein, Movant believes that he has the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movant purchased 10,000 shares of UTG at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movant has suffered financial losses of $25,110. *See* MacDiarmid Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believes that he has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3.     Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

5

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 ("'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'") (citations omitted).

### a.   Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of UTG. Movant, like all of the members of the Class, purchased UTG securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b.      Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class.  *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).  Here, Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is " 'willing' and able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).  Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff.  Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from his investments in UTG securities and is, therefore, extremely motivated to pursue the claims in this action. *See* MacDiarmid Declaration, Exhibit C.

### 4.      Movant Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)      will not fairly and adequately protect the interest of the class; or
>
> (bb)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant has suffered substantial financial losses -- in excess of $25,000 -- and believes he

has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### C.      The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firms as plaintiffs' lead counsel, with Windels Marx Lane & Mittendorf, LLP as liaison counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the MacDiarmid Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.      CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Garrett Wyatt as lead plaintiff, (b) approving his selection of Glancy

Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court

may deem just and proper.

Respectfully submitted,

DATED: June 15, 2011                    WINDELS MARX LANE & MITTENDORF, LLP

By:  s/ *William C. Cagney*_____
William C. Cagney
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone: (732) 846-7600
Facsimile: (732) 846-8877

*Proposed Liaison Counsel*

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (*pro hac vice pending*)
Michael Goldberg (*pro hac vice pending*)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

*Proposed Lead Counsel*