THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Telephone:  610/225-2677
610/225-2678 (fax)

[Proposed] Liaison Counsel for Plaintiff

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>631/367-1173 (fax) | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>PAUL J. GELLER<br>DOUGLAS WILENS<br>SABRINA E. TIRABASSI<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax) |

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT SNELLINK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br> vs.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, and JING XIE,<br><br>      Defendants. | No. 2:11-cv-02164-KSH-PS<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF HANS SPLIETHOFF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>MOTION DAY:  JULY 18, 2011 |

## I.     PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased Universal Travel Group, Inc. ("Universal Travel" or the "Company") common stock between January 19, 2010 and April 12, 2011, inclusive (the "Class Period") and alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4 et seq.) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Hans Spliethoff hereby moves this Court for an order: (i) appointing Hans Spliethoff as Lead Plaintiff under the PSLRA; and (ii) approving Hans Spliethoff's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and The Weiser Law Firm, P.C. (the "Weiser Firm") to serve as Liaison Counsel.

This motion is made on the grounds that Hans Spliethoff is the most adequate plaintiff, as defined by the PSLRA.  To the best of counsels' knowledge, Hans Spliethoff sustained the largest loss of any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this

Action.  *See* Weiser Decl., Ex. B.[1]  In addition, Hans Spliethoff, for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Universal Travel is a China-based travel services provider, focusing on the domestic tourism market and offering packaged tours, air ticketing, and hotel reservation services.  Throughout 2010, the Company made several acquisitions, including travel agencies and travel services companies.  The Complaint alleges that, throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (1) the pre-acquisition net income and revenue of certain companies Universal Travel acquired was less than the Company represented; (2) there was a lack of evidence supporting certain tour package contracts and related cash payments; (3) the Company's financial statements were misstated; (4) the Company lacked adequate internal and financial controls; and (5), as a result, the Company's statements were materially false and misleading at all relevant times.

---

[1]   References to the "Weiser Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Robert B. Weiser, dated June 15, 2011, and submitted herewith.

On March 8, 2011 a firm called Glaucus Research Group issued a report (the "Report") setting forth numerous red flags of fraud, ranging from alleged misstatements concerning the Company's online travel business, cash balances, and the Company's purported relationship with a large on-line travel company. The Report also revealed that the financial statements of the companies Universal Travel acquired in 2010 that were filed with authorities in China showed only a fraction of the revenue, asset value and income, contrary to the statements Universal Travel made to investors about the acquired companies. On March 29, 2011 the Company unexpectedly announced that it would postpone its earnings announcement for the fiscal year ended December 31, 2010.

On April 12, 2011, trading in the Company's stock was halted. On April 14, 2011, the Company filed an 8-K with the SEC announcing that the Company's auditor had resigned. According to the 8-K, the auditors believed that the Company and/or its Audit Committee was "being non-responsive, unwilling or reluctant to proceed in good faith and imposing scope limitations on [the auditors'] audit procedures." The auditors also noted that they "had lost confidence in the Board of Directors' and the Audit Committee commitment to sound corporate governance and reliable financial reporting."

### III. ARGUMENT

#### A. Hans Spliethoff Should Be Appointed Lead Plaintiff

##### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff here caused the first notice regarding the pendency of the action to be published on *Business Wire*, a national, business-oriented newswire service, on June 15, 2011.  *See* Weiser Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C.

§78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa)   has either filed the complaint or made a motion in response to a notice. . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Vonage Initial Public Offering Sec. Litig.*, 2007 WL 2683636, at *3 (D.N.J. Sept. 7, 2007).[2]

### 2. Hans Spliethoff Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Hans Spliethoff Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff under the PSLRA expires on June 15, 2011. 15 U.S.C. §§78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on April 16, 2011), Hans Spliethoff

---

[2]   Unless otherwise noted, all emphasis is added and internal quotations are omitted.

5

timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. Accordingly, Hans Spliethoff has satisfied the individual requirements of the PSLRA and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### b. Hans Spliethoff Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, Hans Spliethoff lost $227,731 as a result of defendants' alleged misconduct.[3]  *See* Weiser Decl. Ex. B. To the best of his counsels' knowledge, there are no other applicants seeking appointment as lead plaintiff who have a larger financial interest. As such, Hans Spliethoff satisfies the PSLRA's largest financial interest requirement.

### c. Hans Spliethoff Otherwise Satisfies Rule 23

According to the PSLRA , in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

---

[3] Trading in Universal Travel's stock has been halted since April 12, 2011, rendering it illiquid. As such, Hans Spliethoff's loss of $227,731 is based on a $0.00 per share value for retained shares. *See* Weiser Decl. Ex. B. Using the halted $3.96 per share value, Hans Spliethoff incurred a loss of $110,131 as a result of defendants' alleged misconduct. *Id*.

4(a)(3)(B); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Vonage*, 2007 WL 2683636, at *5; *see also Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). Hans Spliethoff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. In making the *prima facie* determination of typicality, the court should apply traditional Rule 23 principles, including whether the circumstances of the movant with the largest losses "are markedly different or the

legal theory upon which the claims [of that movant] are based differ [ ] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265; *see also Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 631 (3d Cir. 1996). Thus, typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 107 n. 13 (D.N.J. 1999); *see also Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985) (typicality "permits the court to assess whether the class representatives themselves present those common issues of law and fact that justify class treatment").

Hans Spliethoff satisfies this requirement because, just like all other class members, he: (1) purchased Universal Travel common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Hans Spliethoff's claim is typical of those of other class members because his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Hans Spliethoff to represent the class to the existence of any conflicts between the interests of Hans Spliethoff and the members of the class. The Court must evaluate adequacy of representation by considering whether it "has

8

the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265; *see also Georgine*, 83 F.3d at 631 (stating that the adequacy of representation inquiry involves consideration of both whether "the interests of the named plaintiffs [are] sufficiently aligned with those of the absentees" and whether "class counsel [is] qualified and [will] serve the interests of the *entire* class.").

Here, Hans Spliethoff is an adequate representative of the class. As evidenced by the injuries suffered by the Hans Spliethoff, who purchased Universal Travel common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Hans Spliethoff are clearly aligned with the members of the class, and there is no evidence of any antagonism between Hans Spliethoff's interest and those of the other members of the class. Further, Hans Spliethoff has taken significant steps which demonstrate that it will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims.

Thus, Hans Spliethoff *prima facie* satisfies the requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve the Hans Spliethoff's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In that regard, Hans Spliethoff has selected Robbins Geller to serve as Lead Counsel and the Weiser Firm to serve as Liaison Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. *See* Weiser Decl., Ex. C, D.

Accordingly, the Court should approve Hans Spliethoff's selection of Lead and Liaison Counsel.

### IV. CONCLUSION

For all the foregoing reasons, Hans Spliethoff respectfully requests that the Court: (i) appoint Hans Spliethoff as Lead Plaintiff in the Action; (ii) approve his selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: June 15, 2011				ROBBINS GELLER RUDMAN
							 & DOWD LLP
							SAMUEL H. RUDMAN


							*s/ Samuel H. Rudman*
							SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiff

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
610/225-2678 (fax)

[Proposed] Liaison Counsel for Plaintiff