**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
236 Tillou Road
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### *(BY ECF FILING)*

| | |
|---|---|
| ALBERT SNELLINK**,** INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, and JING XIE,<br><br>                    Defendants. | Case No.: 2:11-cv-02164-KSH -PS<br><br>**BRIEF IN SUPPORT OF MOTION TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION DATE:  July 18, 2011**<br><br><u>CLASS ACTION</u> |

**PRELIMINARY STATEMENT**

P. Van Hove BVBA, Pascal Van Hove GCV , John Thollon, Michael Zabinski,

Jean Doyle, and Mark Larosa (the "Van Hove Group" or "Movant")[1] respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)  appointing the Van Hove Group as Lead Plaintiff for the Class of all purchasers of the securities of Universal Travel Group, Inc., ("UTA" or the "Company"), during the period from January 19, 2010 to April 12, 2011; and

(b) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel.

## BACKGROUND

UTA, together with its subsidiaries, purports to operate as a travel service provider offering air ticketing and hotel booking services and related travel serviced through the internet, customer service representatives, and kiosks in the People's Republic of China. During the Class Period, the Company's common stock was listed on the New York Stock Exchange under ticker "UTA."

On April 15, 2011, the Rosen Law Firm, P.A. filed a securities class action against UTA and certain of its officers and directors seeking remedies under Sections

---

[1] Pascal Van Hove owns 100% of P. Van Hove BVBA, a Belgian private limited liability company, similar to a U.S. limited liability company. Mr. Van Hove along with his wife own 100% of Pascal Van Hove GCV and an ordinary limited

10(b) and 20(a) of the Exchange Act, and Rule 10b-5 thereunder. On April 16, 2011 the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Laurence M. Rosen, filed herewith ("Rosen Decl."), Ex. 1.

A related action entitled *Yen v. Universal Travel Group, Inc.*, CV 11-03537 ODW (FMOx) was filed on April 25, 2011 in the U.S. District Court for the Central District of California. As a result, Movant filed similar lead plaintiff motion before that court.

The Complaint alleges that the Universal Travel misstated (a) the nature and quality of the companies it acquired during the Class Period; and (b) the adequacy of the Company's internal controls. As a result, the Complaint alleges that the Company's periodic reports filed with the SEC and public statements were materially false and misleading.

On March 8, 2011 a firm called Glaucus Research Group issued a report (the "Report") setting forth numerous red flags of fraud, ranging from alleged misstatements concerning the Company's online travel business, cash balances, and the Company's purported relationship with a large on-line travel company. The Report also revealed that the financial statements of the companies Universal Travel

---

partnership. Mr. Van Hove is the managing partner of both entities.

acquired in 2010 that were filed with authorities in China showed only a fraction of the revenue, asset value and income, contrary to the statements Universal Travel made to investors about the acquired companies. On March 29, 2011 the Company announced that it would postpone its earnings announcement for the fiscal year ended December 31, 2010.

On April 12, 2011 trading in the Company's stock was halted. On April 14, 2011, the Company filed an 8-K with the SEC announcing that the Company's auditor had resigned. According to the 8-K, the auditors believed that the Company and/or its Audit Committee was "being non-responsive, unwilling or reluctant to proceed in good faith and imposing scope limitations on [the auditors'] audit procedures." The auditors also noted that they "had lost confidence in the Board of Directors' and the Audit Committee commitment to sound corporate governance and reliable financial reporting."

## ARGUMENT

**I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as

soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, he should be appointed Lead Plaintiff.

### A.   MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

The Van Hove Group has filed the instant motion and its members have submitted certifications attesting to their willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Rosen Decl., Ex. 2. Accordingly, the Van Hove Group satisfies the first requirement to serve as

Lead Plaintiff for the Class

### B.     MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

The Van Hove Group lost $252,162.15[3] from its purchases of UTA stock during

---

2  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).
3  Because UTA's stock has been halted, Movant uses the illiquid price of

the Class Period.  *See* Rosen Decl., Ex. 3.

Movant is not aware of any other movants that have suffered greater losses in UTA securities during the Class Period.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENT OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the proposed Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F.

---

$0/share.

Supp. 57, 60, 64 (D. Mass. 1996). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *See Fuwei Films*, 247 F.R.D. at 436 (citing cases).

Movant fulfills the requirements of Rule 23. The members of the Van Hove Group share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class. The Van Hove Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about UTA's business and financial condition. Movant, as did all of the members of the class, purchased UTA shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute these actions on behalf of the Class, provide ample reasons to grant the Movant's motion to serve as Lead Plaintiff.

**D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES**

The presumption in favor of appointing the Movant as Lead Plaintiff may be

rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)   will not fairly and adequately protect the interest of the class; or

    (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability, and his desire, to represent the Class fairly and adequately have been discussed above. The Movant is not aware of any unique defenses defendants could raise against the group that would render any of the members inadequate to represent the Class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third

parties, and gathering other information in support of the claims against the defendants. Indeed, the Rosen Law Firm initiated the first-filed action. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (1) appointing the Van Hove Group and its members as Lead Plaintiff for the Class; (2) approving Lead Plaintiff's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: June 15, 2011        **THE ROSEN LAW FIRM, P.A.**

       /s/ Laurence M. Rosen
Laurence M. Rosen LR-5733

236 Tillou Road
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on this, the 15th day of June, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                     /s/ Laurence M. Rosen