**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Melville | San Diego |
| Boca Raton | New York | San Francisco |
| Chicago | Philadelphia | Washington, DC |

Samuel H. Rudman
SRudman@rgrdlaw.com

June 1, 2012

<u>VIA ELECTRONIC FILING</u>

The Honorable Madeline Cox Arleo
United States Magistrate Judge
U.S. District Court, District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street, Courtroom 2A
Newark, NJ  07101

      Re:    *Snellink v. Universal Travel Group, Inc., et al.*
              Case No.: 2:11-cv-02164-SDW-MCA

Dear Magistrate Judge Arleo:

      We are counsel for Hans Spliethoff, a lead plaintiff movant, in the above-referenced securities class action (the "Action") and write in furtherance of our July 6, 2011 letter to Judge Wigenton, which addressed the status of competing lead plaintiff motions filed in this action pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4.[1]  Given the passage of time, we respectfully request a status conference with the Court to discuss the renewal and resolution of those motions.

      As set forth in our July 6, 2011 letter, the PSLRA expressly provides that a court-appointed lead plaintiff will control and manage the prosecution of a securities fraud action.  *See* 15 U.S.C. §78u-4(a)(3)(B).  On June 15, 2011, Mr. Spliethoff and two other movants timely filed motions for appointment as lead plaintiff pursuant to the deadline established by the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).  However, Judge Hayden (to whom this Action was previously assigned), in a June 22, 2011 Order, terminated all pending lead plaintiff motions as premature because, *inter alia*, the complaint had not yet been served and no defendant had made an appearance in the Action.  Through our letter, though, we attempted to explain that the appointment of a lead plaintiff is not dependent on

---

[1]    A copy of our July 6, 2011 letter is attached.



**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Madeline Cox Arleo
June 1, 2012
Page 2

the participation of defendants, as courts routinely recognize that defendants lack standing to challenge lead plaintiff motions.

Nonetheless, from our review of the docket, we understand that defendant Universal Travel Group, Inc. and two individual defendants, Jiangping Jiang and Jing Xie, have since been served and have made appearances in the Action. We are unaware of the status of service on the remaining individual defendant, Yizhao Zhang.

Thus, after more than a year since the filing of the initial complaint, and with no court-appointed lead plaintiff in place, this Action remains at a standstill. We are concerned that this delay will prejudice the ability of Mr. Spliethoff or any other party to pursue a meaningful recovery on behalf of the class, particularly in light of the discovery stay imposed by the PSLRA. *See* 15 U.S.C. §78u-4(b)(3)(B). Accordingly, we respectfully request that the Court schedule a status conference so that the Court and the parties can discuss a process for consideration of the competing lead plaintiff motions.

Please do not hesitate to contact our office should you have any questions.

Sincerely,

*/s/ Samuel H. Rudman*

SAMUEL H. RUDMAN

SHR:cak

cc: All counsel of record (*via ECF filing*)

# Exhibit A

Case 2:11-cv-02164-JMV-JBC   Document 35   Filed 06/01/12   Page 3 of 5 PageID: 467

# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Samuel H. Rudman
SRudman@rgrdlaw.com

<u>VIA OVERNIGHT DELIVERY</u>

July 6, 2011

The Honorable Susan D. Wigenton
United States District Judge
U.S. District Court, District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street, Courtroom 5C
Newark, NJ  07101

      Re:    *Snellink v. Universal Travel Group, Inc., et al.*
              Case No.: 2:11-cv-02164-SDW-MCA

Dear Judge Wigenton:

      We represent Hans Spliethoff, a lead plaintiff movant, in the above-referenced securities class action, which was recently reassigned to you. We write in response to a June 22, 2011 Order issued by Judge Katharine S. Hayden prior to the reassignment, which terminated all pending lead plaintiff motions as premature because, *inter alia*, the complaint had not been served and no defendant has made an appearance in the action.

      We share Judge Hayden's concerns about the case moving forward without the participation of the defendants. Mr. Spliethoff, however, did not file the initial complaint in this action and, thus, has no control over its service on defendants. We now understand that the corporate defendant, Universal Travel Group, Inc., has been served with process through its registered agent.

      Mr. Spliethoff's participation in this action arises from the requirements of the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. §78u-4, a federal statute governing private securities litigation. Among its numerous requirements, the PSLRA provides for the appointment of a lead plaintiff during the early stages of litigation. 15 U.S.C. §78u-4(a)(3). Indeed, the PSLRA contains a strict 60-day deadline for the filing of lead plaintiff motions, which begins to run from the date that the initial plaintiff publishes a notice of the action in a widely circulated national business-oriented publication. 15 U.S.C. §78u-4(a)(3)(A)(i)(I) & (II).

      Consequently, lead plaintiff motions are not dependent upon any action or participation by the defendant(s). In fact, federal courts, including courts in this District, generally recognize that defendants lack standing to challenge a lead plaintiff motion. *See, e.g., In re Milestone Sci. Sec. Litig.*,



**Robbins Geller
Rudman & Dowd LLP**

The Honorable Susan D. Wigenton
United States District Judge
U.S. Court, District of New Jersey
July 6, 2011
Page 2

183 F.R.D. 404, 414 n.14 (D.N.J. 1998) (Lechner, J.). That is because the Court's lead plaintiff determination is based on several objective factors, including the movant's financial interest in the action and its ability to preliminarily satisfy certain requirements of Federal Rule of Civil Procedure 23(a). 15 U.S.C. §78u-4(a)(3)(B).

In this case, the deadline for filing lead plaintiff motions expired on June 15, 2011. Mr. Spliethoff and two other movants timely filed lead plaintiff motions pursuant to the PSLRA. Notably, Mr. Spliethoff was permitted to file his motion as a member of the purported class, even though he did not file the initial complaint. 15 U.S.C. §78u-4(a)(3)(B)(i).

Accordingly, given the procedural scheme established by the PSLRA, we respectfully submit that the lead plaintiff motions filed by Mr. Spliethoff and others were not premature. We respectfully request that the Court reinstate the existing lead plaintiff motions with a revised briefing schedule or alternatively, schedule a status conference so that the Court and the parties may discuss how this case should proceed. Of course, should the Court conclude that the appointment of a lead plaintiff should await the defendants' appearance and a Rule 16 conference, as noted by Judge Hayden, Mr. Spliethoff remains willing to renew his motion at the appropriate time.

Please do not hesitate to contact our office should you have any questions.

Sincerely,

SAMUEL H. RUDMAN

SHR:jc

cc:  (*via overnight delivery*)
 Magistrate Judge Madeline C. Arleo (Courtroom 2A)
 Douglas Wilens, Esq. / Robbins Geller Rudman & Dowd LLP
 Robert B. Weiser, Esq. / The Weiser Law Firm, P.C.
 Brett D. Stecker, Esq. / The Weiser Law Firm, P.C.
 William C. Cagney, Esq. / Windels Marx Lane & Mittendorf, LLP
 Lionel Z. Glancy, Esq. / Glancy Binkow & Goldberg LLP
 Michael Goldberg, Esq. / Glancy Binkow & Goldberg LLP
 Laurence M. Rosen, Esq. / The Rosen Law Firm, P.A.