THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen LR-5733
236 Tillou Road
South Orange, NJ 07079
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERT SNELLINK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, JIANG XIE, JIDUAN YUAN, LAWRENCE LEE, and LIZONG WANG,<br><br>    Defendants. | C.A. No.: 2:11-cv-2164 (KM) (MCA)<br><br><u>CLASS ACTION</u> |

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

On November 21, 2013, the Public Company Accounting Oversight (the "PCAOB") issued an order (the "Order") censuring Acquavella, Chiarelli, Shuster, Berkower & Co., LLP ("ACSB,"), revoking ACSB's registration, forbidding ACSB from reapplying for registration two years, and imposing a civil penalty on ACSB. The PCAOB reached this decision because ACSB had engaged in three deficient audits; one of them was its audit of Defendant Universal Travel Group, Inc.'s ("UTA") 2009 financial statements. The PCAOB found that:

- ACSB employed China-based assistants performed much of the work, and ACSB failed to review the work or supervise the assistants;

- When ACSB sent confirmations to UTA's customers to confirm that ACSB had accounts receivable from those customers, customers amounting for about a third of UTA's accounts receivable *did not* respond; and

- Though UTA's 2009 financial statements included an entry of $5 million in cash (13.6% of UTA's total cash), ACSB failed to confirm that the $5 million actually existed.

The Order is attached as Exhibit 1 to the Declaration of Laurence Rosen accompanying this request.

In deciding the defendants' motion to dismiss, this Court should consider all materials of which it can take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The PCAOB is a nonprofit corporation established by Congress to oversee public company audits, and reports to the SEC. The Court may thus take judicial notice of the PCAOB report. *Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255 (3d Cir. 2000) (taking judicial notice of administrative agency documents); *In re Bidz.com, Inc. Derivative Litig.*, CV 09-4984 PSG (EX), 2010 WL 1727703, at *2 n.3 (C.D. Cal. Apr. 27, 2010) (taking judicial notice of a PCAOB report); *Henning v. Orient Paper, Inc.*, CV 10-5887-VBF AJWX, 2011 WL 2909322, at *4 (C.D. Cal. July 20, 2011) (similar).

**Conclusion.**

For the foregoing reasons, the Court should take judicial notice of the Order.

Dated: December 9, 2013                    Respectfully submitted,

/s/Laurence M. Rosen

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen LR-5733
236 Tillou Road
South Orange, NJ 07079
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 9, 2013.

                                                             /s/Laurence M. Rosen