UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| P. VAN HOVE BVBA, ET AL. INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, JIANG XIE, JIDUAN YUAN, LAWRENCE LEE, LIZONG WANG, DAVID T. SVOBODA, and ACQUAVELLA, CHIARELLI, SHUSTER & CO., LLP,<br><br>Defendants. | Civil Action No. 2:11-cv-2164 (KM/MCA)<br><br>CIVIL ACTION<br><br>Return Date: June 15, 2015 |

**SUR-REPLY BRIEF ON BEHALF OF DEFENDANT ACQUAVELLA, CHIARELLI, SHUSTER, & CO., LLP, AND PROPOSED INTERVENORS ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP, JOSEPH P. ACQUAVELLA, SANTO CHIARELLI, SAMUEL SHUSTER, AND MAURICE BERKOWER**

| | |
|---|---|
| Of Counsel:<br>   Clark E. Alpert, Esq.<br>   Attorney ID #281791972<br><br>On the Brief:<br>   Clark E. Alpert, Esq.<br>   Marco Ferreira, Esq. | **WEINER LESNIAK LLP**<br>629 Parsippany Road<br>P.O. Box 438<br>Parsippany, NJ 07054-0438<br>Phone: (973) 403-1100<br>Attorneys for Defendant Acquavella, Chiarelli, Shuster & Co., LLP and Proposed Intervenors Acquavella, Chiarelli, Shuster, Berkower & Co., LLP, Joseph P. Acquavella, Santo Chiarelli, Samuel Shuster, and Maurice Berkower |

# TABLE OF CONTENTS

LEGAL ARGUMENT .................................................................................................. 1

# TABLE OF AUTHORITIES

**Cases**

Hasan v. Ishee,
    2010 U.S. Dist. LEXIS 143195 (S.D. Ohio 2010) ................................................. 3

In re Comverse, etc. Sec. Litig.,
    543 F.Supp.2d 134, 155 (E.D.N.Y. 2008) ........................................................... 1

In re Philip, etc. Sec. Litig.,
    383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004) .......................................................... 1

Janus Cap. Gr. v. First Deriv.,
    131 S.Ct. 2296, 2302-04 (2011) ............................................................................ 2

Jurista v. Amerinox Pr.,
    492 B.R. 707 (D.N.J. 1999) .............................................................................. 2, 3

Pace v. Quintanilla,
    2015 U.S. Dist. LEXIS 20515 (N.D.Cal. 2015) ................................................... 2

Pacius v. Termtroll Corp.,
    259 N.J. Super. 51, 53-54 (Ch. Div. 1992) .......................................................... 3

Ramirez v. Amsted Ind.
    86 N.J. 332, 335, 353 (1981) ............................................................................ 2, 3

WM High Yield Fund v. O'Hanlon,
    2005 LEXIS 33569 (E.D. Pa. 2005) ..................................................................... 1

**Statutes**

28 U.S.C. §1658 ............................................................................................................. 1

**Rules**

Rule *11* .......................................................................................................................... 1

## LEGAL ARGUMENT

There are at least five dispositive points not rebutted by plaintiffs:

1.      Plaintiffs offer no rebuttal to the fact (a) that the same counsel with the same facts had no trouble suing ACSB in Tibet in 2012--*and felt he had a good faith, Rule 11 supportable basis for doing so*, and (b) that this knowledge is chargeable to them. Either counsel knew enough to sue ACSB in this case, or must admit filing frivolous pleadings in Tibet.[1] Thus, waiting until 2015 to sue any auditor in this case transcends the two-year 28 U.S.C. §1658 statute of limitations.

2.      The cases plaintiffs cite do not contain specific holdings allowing republication to delay the statute of repose; and indeed, cases in this Circuit disfavor application of a continuing violation theory in securities fraud cases.[2]

3.      Plaintiffs studiously ignore the fact that **they caused** the lack of insurance which otherwise had been carefully arranged.[3] Plaintiffs must know that this fact sets this case apart from every other case where, to paraphrase their argument, it's simply 'too bad' if a defendant lacks insurance. Rather, these

---

[1] A claim against auditors can be pleaded when there are multiple 'red flags' unheeded by the auditors, such as the sheer enormity and obviousness of the alleged fraud, as well as auditor misstatements. In re Philip, etc. Sec. Litig., 383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004). This had to be the standard used in Tibet.

[2] See WM High Yield Fund v. O'Hanlon, 2005 LEXIS 33569 (E.D. Pa. 2005); see also In re Comverse, etc. Sec. Litig., 543 F.Supp.2d 134, 155 (E.D.N.Y. 2008).

[3] Plaintiffs avoid this equity in their Reply Brief (even though our Motion papers, see Dkt. No. 150 at pp. 12-13 & 33, had highlighted the issue dramatically)-- because they have no answer for it.

defendants *had* insurance, but plaintiffs destroyed it.

4. On §20(a) "control", plaintiffs cite Pace v. Quintanilla, 2015 U.S. Dist. LEXIS 20515 (N.D.Cal. 2015), a case citing nothing and never cited, which ignores Janus Cap. Gr. v. First Deriv., 131 S.Ct. 2296, 2302-04 (2011), requiring allegations of control over the **issuer** that are not and cannot be made here.

5. Jurista v. Amerinox Pr., 492 B.R. 707 (D.N.J. 1999), is dispositive; it lucidly explains that under Ramirez v. Amsted Ind. 86 N.J. 332, 335, 353 (1981), in all cases except product-liability (in which Ramirez established a special rule expressly inapplicable otherwise), full-asset transfer must be alleged. Ramirez created a new exception (the "product line" test), to normal rules of successor liability, which 'guarantees a defendant' in such a case, even when that requires the 'mental gymnastics' in the inapposite cases plaintiffs cite. This rule is contrary to the general principle of corporate successor liability:

> [w]here one company sells or otherwise transfers **all its assets** to another company the latter is not liable for the debts and liabilities of the transferor. [Id. at 340 (emphasis added).]

Plaintiffs concede they cannot meet the standard, so they misleadingly cite pure product liability cases which expressly reflect that 'only the exception' could yield a 'mere continuation' holding--while desperately misrepresenting that New Jersey law unconditionally holds that "a successor can be liable even if it did not purchase all of the predecessor's assets." (Pb9) Not so; there is no guarantee of an

2

938279_1

alter ego in a commercial context such as this; a later company either is or is not an alter ego, but the law does not by necessity say there must be one. Only an entity meeting the Jurista standard could conceivably be an alter ego.[4]

All three cases cited by plaintiffs involve the product exception, and specifically state that they are using that exception. Indeed, Pacius v. Termtroll Corp., 259 N.J. Super. 51, 53-54 (Ch. Div. 1992), specifically distinguished between "traditional" successor liability and product-line liability under Ramirez:

> The defendant is correct in asserting that there is no liability under traditional rules of successor liability…Therefore, [its]…liability, if any must be determined under the concept laid out in Ramirez, the product line exception for the imposition of successor liability. Id.

Beyond the foregoing, plaintiffs make material misrepresentations in their Brief (Pb 14)--such as the false claim that Lexington has recognized coverage, which is also directly belied by the record (e.g., Dkt. No. 136, Dec. 4, Ex. 4).

Dated: June 17, 2015        Respectfully submitted,
                            WEINER LESNIAK, LLP, Attorneys for Auditor Parties

                            By: _____
                                       Clark E. Alpert

---

[4] Jurista (at 766) consciously utilizes Ramirez's 'traditional' corporate successor liability (requiring full-asset transfer). Indeed, Jurista explained that even transfer of "**substantially** all" assets (not even alleged here) is insufficient "with respect to non-product liability asset transfer successor liability claims." Id. n. 39, emphasis added. Jurista's clear analysis should be followed by this Court, if only because "in the absence of supervening case authority from the Supreme Court or the Court of Appeals, [a District Court] should as a matter of comity to colleagues and even-handed justice to litigants, follow decisions of its own judges." Hasan v. Ishee, 2010 U.S. Dist. LEXIS 143195 (S.D. Ohio 2010).

938279_1