**EXECUTION COPY**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| P. VAN HOVE BVBA, PASCAL VAN HOVE GCV, JOHN THOLLON, MICHAEL ZABINSKI, JEAN DOYLE, AND MARK LAROSA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, JIANG XIE, JIDUAN YUAN, LAWRENCE LEE, LIZONG WANG, DAVID T. SVOBODA, AND ACQUAVELLA, CHIARELLI, SHUSTER & CO., LLP, ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP, JOSEPH P. ACQUAVELLA, SANTO CHIARELLI, SAMUEL SHUSTER, AND MAURICE BERKOWER, <br><br> Defendants. | CASE No.: 2:11-cv-2164 (KM) (JBC) |

**EXECUTION COPY**

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated June __, 2016, is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs P. Van Hove BVBA, Pascal Van Hove GCV, John Thollon, Michael Zabinski, Jean Doyle, and Mark Larosa, on behalf of themselves and the putative class (collectively, "Lead Plaintiffs"); defendants Acquavella, Chiarelli, Shuster, Berkower & Co., LLP ("ACSB"), Joseph P. Acquavella ("Acquavella"), Santo Chiarelli ("Chiarelli"), Samuel Shuster ("Shuster"), and Maurice Berkower ("Berkower"), Acquavella, Chiarelli, Shuster & Co., LLP ("ACS"), (ACS, ACSB, Acquavella, Chiarelli, Shuster and Berkower the "Settling Auditor Defendants" (but in no way does this imply that ACS was an auditor of UTG, but it is done for ease of reference only)); and Universal Travel Group, Inc. ("UTG"), Jiangping Jiang ("Jiang"), Jing Xie ("Xie") (the "Settling UTG Defendants", and with the Settling Auditor Defendants, the "Settling Defendants"; the "Settling Defendants", together with Lead Plaintiffs, are the "Settling Parties"), by and through their respective counsel.

1.      WHEREAS, a class action complaint styled *Snellink v. Universal Travel Group, Inc.*, Case No. 11-cv-2164-KSH-PS, alleging violations of federal securities laws against Universal Travel Group, Inc. ("UTG"), and certain of its officers of directors (collectively, the "UTG Defendants"), was filed in the United States District Court for the District of New Jersey on April 15, 2011;

2.      WHEREAS, by Order dated July 19, 2012, then-United States Magistrate Judge Madeline Cox Arleo appointed Lead Plaintiffs as Lead Plaintiffs;

**EXECUTION COPY**

3. WHEREAS, on August 9, 2012, this case was reassigned to The Hon. Kevin McNulty;

4. WHEREAS, September 7, 2012, Lead Plaintiffs filed their Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint") alleging: (Count 1) violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and (Count 2) violations of Section 20(a) of the Exchange Act against the UTG Defendants;

5. WHEREAS, on October 22, 2012, the UTG Defendants filed a motion to dismiss the Amended Complaint, as well as a motion to strike certain allegations in the Amended Complaint;

6. WHEREAS, on May 1, 2014, Lead Plaintiffs filed their Second Amended Complaint, which raised the same claims against the UTG Defendants, but additionally alleged a violation of Section 10(b) of the Exchange Act against Defendant Acquavella, Chiarelli, Shuster & Co., LLP ("ACS") and a violation of Section 20(a) against David T. Svoboda;

7. WHEREAS, on September 17, 2014 Lead Plaintiffs and the UTG Defendants attended an all day mediation with mediator, Hunter Hughes, in New York City.

8. WHEREAS, while Lead Plaintiffs and the UTG Defendants did not reach a settlement at the September 17 mediation, they continued to negotiate, and such negotiations bore fruit;

9. WHEREAS, on January 23, 2015, the Clerk entered a default as to defendants ACS and Svoboda;

**EXECUTION COPY**

10.     WHEREAS, on January 26, 2015, Lead Plaintiffs executed a stipulation of settlement with the UTG Defendants, which released the claims against the UTG Defendants while preserving the claims against UTG's Auditors (the "UTG Settlement");

11.     WHEREAS, also on January 26, 2015, Lead Plaintiffs filed a motion for preliminary approval of the UTG Settlement;

12.     WHEREAS, on March 13, 2015, ACS filed a motion to vacate entry of default;

13.     WHEREAS, on April 24, 2015, Lead Plaintiffs moved to amend the UTG Settlement to clarify that the parties did not intend to release claims against ACSB, nor any of its partners, nor ACS;

14.     WHEREAS, on May 18, 2015, Lead Plaintiffs moved for leave to file their [Proposed] Third Amended Class Action Complaint for Violation of the Securities Laws (the "Proposed TAC"), charging (Count 1) violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") against ACSB, ACS, Svoboda, and certain of the UTG Defendants and (Count 2) violations of Section 20(a) of the Exchange Act against Svoboda, Acquavella, Chiarelli, Shuster, and Berkower, as well as certain of the UTG Defendants;

15.     WHEREAS, on November 4, 2015, the Court entered an order (a) granting ACS's motion for leave to vacate the default entered against it, and (b) granting leave to file the Proposed TAC;

16.     WHEREAS, on November 25, 2015, the Settling Auditor Defendants each moved to dismiss the TAC;

17.     WHEREAS, on January 5, 2016, the Court ordered the Parties to submit a joint letter addressing whether differences between the Proposed TAC and the TAC were substantive

**EXECUTION COPY**

or immaterial and whether the TAC complied with L.Civ. R. 7.1(f) and Fed. R. Civ. Proc. 15(a)(2), which the parties did on January 20, 2016;

18.     WHEREAS, the items listed in paragraphs 16and 17 above remain unresolved;

19.     WHEREAS, in recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the parties to this Stipulation (the "Settling Parties") desire to settle and resolve any and all actual or potential claims by, between, or among Lead Plaintiffs, on the one hand, and the Released Parties (defined below), on the other hand, asserted in, arising out of or relating to the subject matter of this action (the "Litigation");

20.     WHEREAS, the Settling Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or be deemed to be evidence of, an admission or concession on the part of the Settling Defendants with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted. This Stipulation also shall not be construed as or be deemed to be a concession by the Lead Plaintiffs of any infirmity in the claims asserted in the Litigation;

21.     WHEREAS, the Settling Parties wish to settle and compromise any dispute regarding the Litigation or its subject matter, including but not limited to whether the Litigation was filed by the Lead Plaintiffs and defended by the Settling Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and agree that the Litigation is being voluntarily settled on advice of counsel, and that the terms of the Auditor Settlement are fair, adequate, and reasonable;

22.     WHEREAS, there is an action pending in the United States District Court for the District of New Jersey, entitled *Dartell vs. Tibet Pharmaceuticals, Inc., et al.*, Case No.: 14-cv-3620-JMV-JBC (the "*Tibet* Case"), and ACSB is named a defendant in that case;

**EXECUTION COPY**

23.     WHEREAS, Plaintiffs herein and the plaintiffs in the *Tibet* Case are represented by the same law firm and ACSB is represented in both the *Tibet* Case and the present case by the same law firm;

24.     WHEREAS, Plaintiffs in both cases wish to settle with ACSB and ACSB wishes to settle both cases, and each settlement with ACSB is contingent upon the other settlement being fully approved and final as to ACSB and related entities;

25.     WHEREAS, Lead Plaintiffs' Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation and has analyzed the facts and the applicable law with respect to the claims of the Lead Plaintiffs against the Settling Defendants and the potential defenses thereto, which in the Lead Plaintiffs' judgment have provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein;

26.     WHEREAS, Lead Plaintiffs' Counsel and counsel for the Settling Defendants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit in this Stipulation;

27.     WHEREAS, based upon the investigation conducted by Lead Plaintiffs' Counsel, Lead Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the Class, and in their best interests, and Lead Plaintiffs have agreed to settle the claims asserted in the Litigation pursuant to the terms and conditions of this Stipulation, after considering: (a) the substantial benefits that Lead Plaintiffs will receive from settlement of the Litigation; (b) the attendant risks of litigation; and (c) the desirability of permitting the Auditor Settlement to be consummated as provided by the terms of this Stipulation;

**EXECUTION COPY**

NOW THEREFORE, without any admission or concession on the part of the Plaintiffs of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of the Settling Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever,

It is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties hereto from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by Plaintiffs against the Released Parties (as defined below) shall be compromised, settled, released, and dismissed with prejudice as provided in this Stipulation, to the extent as hereafter provided, without costs as to the Settling Parties, subject to the approval of the Court, upon and subject to the following terms and conditions:

## A. CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.      "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Lead Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, fees and expenses of experts (excluding Notice and Administration Expenses), and Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

2.      "Auditor Defendants" means ACS, ACSB, Svoboda, Acquavella, Chiarelli, Shuster, and Berkower.

3.       "Authorized Claimant" means any Claimant (as defined below) whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

**EXECUTION COPY**

4.      "Award to Lead Plaintiffs" means any award by the Court to Lead Plaintiffs of reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

5.      "Claimant" means any Class Member who files a Proof of Claim and Release (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

6.      "Claims Administrator" means the accounting and claims administration firm, Strategic Claims Services, Inc., that Lead Plaintiffs' Counsel requests be appointed by the Court to administer the Settlement and disseminate notice to the Class.

7.      "Class" and "Class Members" mean, for purposes of this Settlement, all persons who purchased or otherwise acquired the common stock of UTG between March 12, 2009 and April 11, 2011, both dates inclusive, and who were allegedly damaged thereby. Excluded from the Class are:

  a.  The UTG Defendants, the Auditor Defendants, all present and former officers and/or directors of UTG (the "Immediate Excluded Persons"), and the members of the Immediate Excluded Persons' immediate families and their heirs, successors and assigns, any person, firm, trust, corporation, officer, director, or other individual or entity in which any excluded person has a controlling interest or which is related to or affiliated with any of the excluded persons, and all such Immediate Excluded Persons' successors-in-interest or assigns;

  b.  Those persons who file valid and timely requests for exclusion in accordance with the Court's Order Preliminarily Approving Settlement and Providing For Notice

**EXECUTION COPY**

("Preliminary Approval Order") concerning this Stipulation as set forth in Exhibit A.

8.    "Class Distribution Order" means the order entered by the Court, upon application of Lead Plaintiffs' Counsel following the occurrence of the events identified in paragraph D.13. below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

9.    "Class Period" means the period from March 12, 2009, through April 11, 2011, both dates inclusive.

10.    "Court" means the Honorable Kevin McNulty, United States District Judge for the District of New Jersey, or any successor judge appointed to this case.

11.    "Effective Date" means the date on which all of the conditions set forth below in paragraph L.1. shall have been satisfied and the Court's Order and Final Judgment, substantially in the form of Exhibit B hereto, becomes "Final." The Court's Order and Final Judgment shall be deemed to be "Final" when either of the following has occurred: (a) if an appeal or review is not sought by any person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment (including any extension of time under FRAP 4(a)(5) plus three days for mailing); or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Final Judgment is no longer subject to further direct judicial review (including the expiry of any extension of time under FRAP 4(a)(5) plus three days for mailing).

1069482_1.docx

**EXECUTION COPY**

12.     "Escrow Account" means the interest-bearing account selected by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent for the benefit of the Lead Plaintiffs and the Class until the Effective Date of the Settlement.

13.     "Escrow Agent" means the Rosen Law Firm, P.A., or its duly appointed agent(s). The Escrow Agent shall perform the duties as set forth in this Stipulation.

14.     "Gross Settlement Fund" means the Settlement Amount (Auditor) and the Settlement Amount (UTG) plus all interest earned thereon.

15.     "Lead Plaintiffs" means P. Van Hove BVBA, Pascal Van Hove GCV, John Thollon, Michael Zabinski, Jean Doyle, and Mark Larosa.

16.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) any Award to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court.

17.     "Lead Plaintiffs' Counsel" means The Rosen Law Firm, P.A.

18.     "Notice and Administration Account" means the account to be established from the Gross Settlement Fund and maintained by Lead Plaintiffs' Counsel. The Notice and Administration Account may be drawn upon by Lead Plaintiffs' Counsel for Notice and Administration Expenses without further order of the Court.

19.     "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed settlement, and all expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date. All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

**EXECUTION COPY**

20.     "Notice Date" means the date on which the Lead Plaintiffs cause the Claims Administrator to mail, by first-class mail, postage prepaid, a copy of the Notice and Proof of Claim to each member of the Class who can be identified by reasonable effort. The Notice Date must occur at the time provided in Exhibit A hereto.

21.     "Notice of Pendency" means the Notice of Pendency and Settlement of Class Action, which shall be substantially in the form attached hereto as Exhibit A-1.

22.     "Order and Final Judgment" means the Order and Final Judgment entered by the Court, finally approving the Settlement and dismissing the Litigation as against all Settling Defendants with prejudice and without costs to any party substantially in the form set forth hereto as Exhibit B.

23.     "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, affiliate, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any legal representative, and, as applicable, their respective spouses, heirs, predecessors, successors, representatives, and assigns.

24.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses. Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no liability with respect thereto.

25.     "Released Parties" means each of:

**EXECUTION COPY**

a.  The Settling UTG Defendants and, whether or not identified in any complaint filed in the Class Action, each and all of every Settling UTG Defendant's past and present directors, officers and employees, controlling stockholders, partners, members, affiliates, principals, agents, representatives, stockholders, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, investment bankers, commercial bankers, underwriters, financial or investment advisors, advisors, consultants, accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, assigns, executors, personal representatives, marital communities, associates, related or affiliated entities, general or limited partners or partnerships, limited liability companies, member firms, estates, administrators, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries, or any persons or other entities in which any Released Party has a controlling interest or which is related to or affiliated with any Released Party, and any other representatives of any of these Persons or other entities, whether or not any such Released Party was named, served with process or appeared in the Class Action.

b.  Each of the Auditor Defendants and any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, insurers (and their respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers,

**EXECUTION COPY**

directors, attorneys, accountants, Auditors, agents and representatives), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which the Auditor Defendants have or had a controlling interest or which is or was related to or affiliated with any of the Auditor Defendants, and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any of the Auditor Defendants.

26.     "Settled Claims" means any and all claims (including Unknown Claims), demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, concealed or hidden, asserted or unasserted, that have been or could have been asserted in this Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual, class, direct, representative, legal, equitable or any other type or in any other capacity, which Plaintiffs or any Member of the class ever had, now has, or hereafter can, shall, or may have by reason of, arising out of, relating to, or in connection with the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, set forth, referred to or otherwise related, directly or indirectly, to the Litigation and/or the Complaint, including without limitation, any disclosures made in connection with any of the foregoing, except claims to enforce the

**EXECUTION COPY**

Settlement. For the avoidance of doubt, derivative claims are specifically excluded from Settled Claims and are not released by this Settlement

27.     "Settled Defendants' Claims" means all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and Unknown Claims, that have been or could have been asserted in the Litigation by the Settling Defendants or the successors and assigns of any of them against the Plaintiffs, any Class Member or any of their attorneys, which arise out of or relate in any way to the institution, prosecution or Settlement of this Litigation or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions; provided, however, that Settled Defendants' Claims do not include any claims to enforce any of the terms of this Stipulation or of the Order and Final Judgment, and any claims that could be asserted in response to such a claim to enforce.

28.     "Settlement" means the settlement contemplated by this Stipulation.

29.     "Settlement Amount (Auditor)" means a fund in the amount of $2,075,000 (Two Million Seventy Five Thousand Dollars).

30.     "Settlement Amount (UTG)" means a fund in the amount of $2,000,000 (Two Million Dollars).

31.     "Settlement Hearing" means the final hearing to be held by the Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Gross Settlement Fund should be approved; and (5) whether the application for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiffs should be approved.

14

**EXECUTION COPY**

32.   "Settling Auditor Defendants" means ACSB, Acquavella, Chiarelli, Shuster, and Berkower, as well as ACS (but in no way does this imply that ACS was an auditor of UTA, but it is done for ease of reference only).

33.   "Settling Auditor Defendants' Counsel" means the law firms Wilson Elser Moskowitz Edelman & Dicker LLP and Weiner Lesniak LLP.

34.   "Settling Defendants' Counsel" means Settling Auditor Defendants' Counsel and Settling UTG Defendants' Counsel.

35.   "Settling Parties" means Lead Plaintiffs, Class Members, and Settling Defendants.

36.   "Settling UTG Defendants" means UTG, Jiang, and Xie.

37.   "Settling UTG Defendants' Counsel" means the law firm Katten Muchin Rosenman LLP.

38.   "Settlement" means the settlement contemplated by this Stipulation.

39.   "Summary Notice" means the summary notice of this Settlement, to be published as set forth in the Preliminary Approval Order, which shall be substantially in the form attached hereto as Exhibit A-2.

40.   "Unknown Claims" means (a) any Settled Claim that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of UTG securities, and (b) any Settling Defendant's Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims

15

**EXECUTION COPY**

and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective

Date, the Settling Parties shall expressly waive, and each of the Class Members shall be deemed

to have waived and by operation of the Order and Final Judgment shall have waived, any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States,

or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542,

which provides:

> "A general release does not extend to claims which the creditor does not know or
>
> suspect to exist in his or her favor at the time of executing the release, which if
>
> known by him or her must have materially affected his or her settlement with the
>
> debtor."

**B.  SCOPE AND EFFECT OF SETTLEMENT AND RELEASES**

1.      The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Litigation and any and all Settled Claims as against all Released Parties and

any and all Settled Defendants' Claims as against the Lead Plaintiffs, the Class Members, and

their attorneys.

2.      Pursuant to the Order and Final Judgment, upon the Effective Date of this

Settlement, the Class Members on behalf of themselves, their current and future heirs, executors,

administrators, successors, attorneys, insurers, reinsurers, agents, representatives, and assigns,

and any person they represent, shall, with respect to each and every Settled Claim, release and

forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Settled

Claims and any and all claims arising out of, relating to, or in connection with the Settlement, the

Litigation (as to the Released Parties), or the resolution of the Litigation against the Released

Parties, whether or not such Class Member executes and delivers the Proof of Claim and

16

**EXECUTION COPY**

Release, except claims to enforce any of the terms of this Stipulation. Further, all Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, expressly covenant not to assert any claim or action against any of the Released Parties that: (i) arises out of or relates to the purchase or sale of UTG securities, or (ii) that could have been alleged, asserted, or contended in any forum by the Settlement Class Members or any of them arising out of or relating to the purchase or sale of UTG securities, and shall forever be enjoined from commencing, instituting, or prosecuting any such claim against any of the Released Parties, so long as such claim relates to the purchase or sale of UTG securities.

3.     The Proof of Claim and Release to be executed by the Settlement Class Members to participate in this Settlement shall be substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A.

4.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Settling Parties, and anyone acting or purporting to act for any of them, shall be permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims and Settling Defendants' Claims.

5.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Settling Defendants shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims as against the Lead Plaintiffs, Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

**C.  THE SETTLEMENT CONSIDERATION**

1069482_1.docx

**EXECUTION COPY**

1.      Subject to the terms of this Stipulation, the Settlement Amount (Auditor) shall be paid by the Settling Auditor Defendants into the Escrow Account within ten (10) business days after the Court issues the Preliminary Approval Order.

2.      Subject to the terms of this Stipulation, the Settlement Amount (UTG) shall be paid by the Settling UTG Defendants into the Escrow Account within thirty (30) calendar days after the Court issues the Preliminary Approval Order, provided that Lead Plaintiffs have by then provided Settling Defendants with complete payee information, including Tax Identification Number, an executed W-9 and, if appropriate, wiring information.

3.      The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Lead Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court. The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

4.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Lead Plaintiffs and the Settlement Class until the Effective Date. Until the date the Order and Final Judgment is entered, all payments made from the Gross Settlement Fund shall require the signature of an authorized representative of both the Escrow Agent and one of Settling Defendants' Counsel. After the Order and Final Judgment is entered, payments made from the Settlement Fund shall require only the signature of an authorized representative of the Escrow Agent and shall not require the signature of any of Settling Defendants' authorized representative. All funds held by the Escrow Agent shall be deemed to

**EXECUTION COPY**

be in custodia legis and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses, and the Attorneys' Fee and Expenses (which shall be paid to Lead Plaintiffs' Counsel from the Gross Settlement Fund within two business days after the Court executes an order awarding such fees and expenses), the Gross Settlement Fund shall not be distributed until the Effective Date. The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

5.      The Escrow Agent shall invest any funds in excess of $150,000 in short-term United States Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $150,000 may be held in a bank account insured to the extent possible by the FDIC. Interest earned on the money deposited into the Escrow Account shall be part of the Gross Settlement Fund.

6.      The Notice and Administration Expenses shall be paid from the Gross Settlement Fund. In order to pay Notice and Administration Expenses, $150,000 (One Hundred Fifty Thousand Dollars) shall be withdrawn from the Gross Settlement Fund and deposited into a Notice and Administration Account upon the entry of the Preliminary Approval Order. Any monies from the Notice and Administration Fund that remain after administration shall be returned to the Net Settlement Fund. The Notice and Administration Account shall be administered solely by the Escrow Agent. Any taxes or other expenses incurred in connection with the Notice and Administration Account shall be paid from the Notice and Administration

19

**EXECUTION COPY**

Account or from the remainder of the Gross Settlement Fund. The Released Parties shall not have any obligation for payment of taxes or other expenses associated with the Notice and Administration Account. Notice and Administration Expenses in excess of $150,000 (One Hundred Fifty Thousand Dollars) shall not be paid out of the Gross Settlement Fund until after the Effective Date. In no event shall an amount more than the sum of the Settlement Amount (Auditor) and the Settlement Amount (UTG) be paid from the Gross Settlement Fund for Notice and Administration Expenses, and in no event shall the Released Parties be responsible to pay any amount for Notice and Administration Expenses.

7.      The Settling Parties shall have access to all records of the Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

8.      After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund. The Released Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

### D. ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. Neither the Released Parties nor Settling Defendants' Counsel shall have any liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

1069482_1.docx

**EXECUTION COPY**

2.      Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.      To the extent not paid from the Notice and Administration Account, to pay, following an order of the Court approving any such payment, Notice and Administration Expenses;

b.      To pay any award of Attorneys' Fees and Expenses, and any awards to Lead Plaintiffs; and then

c.      Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

d.      After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Plaintiffs' Counsel shall file a motion for distribution of the Settlement Fund with the Court listing each Authorized Claimant and the amount of each such Authorized Claimant's recognized loss, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Net Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.      Each Class Member wishing to participate in this Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-3 hereto, which inter alia releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

**EXECUTION COPY**

4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, the Claims Administrator, with the approval of Lead Plaintiffs' Counsel, may accept late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.      Each Proof of Claim shall be submitted to the Claims Administrator, who shall determine, under the supervision of Lead Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court. No later than seven (7) days prior to disbursement of the Net Settlement Fund, Lead Plaintiffs' Counsel shall provide Settling Defendants with a list of Proofs of Claim received by the Claims Administrator indicating which Proofs of Claim have been allowed by the Claims Administrator.

1069482_1.docx

**EXECUTION COPY**

6.      Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.      Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, shall notify in a timely fashion, and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.8. below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by paragraph D.7. above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Settling Defendants' Counsel, for approval by the Court in the Settlement Class Distribution Order.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

**EXECUTION COPY**

under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

11.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.     All proceedings with respect to the administration, processing, and determination of claims described by this paragraph of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses,

**EXECUTION COPY**

costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

14.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the Howard University Law School Investor Justice and Education Clinic or any not-for-profit successor of it.

15.     Before the Effective Date, Lead Plaintiffs' Counsel shall file with the Court a declaration under penalty of perjury describing how notice of the Settlement was given to the Class.

16.     Prior to distribution of the Settlement Amount by the Claims Administrator, each of the Settling Defendants shall receive a list of the Proofs of Claim that have been allowed by the Claims Administrator.

**E.  TAX TREATMENT**

1.     The Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, the

25

**EXECUTION COPY**

Settling Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Plaintiffs' Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.      For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator, who shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3. hereof.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon Settling Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph)

26

**EXECUTION COPY**

("Tax Expenses"), shall be paid out of the Gross Settlement Fund. In all events, the Released Parties shall have no liability for Taxes or the Tax Expenses, and Lead Plaintiffs and Lead Plaintiffs' Counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1468B-2(l)(2)). The Released Parties shall have no responsibility or liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### F.  ALLOCATION OF NET SETTLEMENT FUND

1.      The Plan of Allocation is based upon Lead Plaintiffs' Counsel's and its financial consultant's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Class Members.

2.      The Released Parties do not and shall not take any position as to the proposed Plan of Allocation.

3.      The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the Plan of Allocation or the determination, administration, calculation, or payment of claims to Class Members.

27

EXECUTION COPY

4.       The Released Parties shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Orders entered by the Court. No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund.

5.       No Authorized Claimant shall have any claim against Lead Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.       Any Plan of Allocation is neither part of this Stipulation nor a necessary term or condition of the Settlement.

7.       Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

## G.  OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

1.       The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this Stipulation. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

## H.  LEAD PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

**EXECUTION COPY**

2.       Lead Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for Settling Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to one-third of the Settlement Amount; (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Litigation; and (iii) an Award to Lead Plaintiffs (for reimbursement of time and expenses). The Settling Defendants shall bear no responsibility for any such award, and shall take no position on any application concerning Lead Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Award to Lead Plaintiffs.

3.       Any attorneys' fees and costs and Award to Lead Plaintiffs awarded by the Court shall be paid from the Gross Settlement Fund within two (2) business days after the Court executes an order awarding such fees and expenses, and the Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Attorneys' Fee and Expense award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Class, then, within five (5) business days from receiving notice from Settling Defendants' Counsel or from a court of appropriate jurisdiction, Lead Plaintiffs' Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Lead Plaintiffs' Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or

29

EXECUTION COPY

shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

4.      Lead Plaintiffs' Counsel waives the right to make an additional application or applications for payment from the Gross Settlement Fund for fees and expenses incurred after the Settlement Hearing.

5.      It is agreed that the procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and any order or proceeding relating thereto, shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement.

## I.   LIMITATION ON CLAIMS AGAINST RELEASED PERSONS

1.      The Settling Parties have negotiated the following bar order to be included in substantially the following form in the Final Judgment:

> The Released Parties are by virtue of the Agreement hereby released and discharged from all claims for contribution, whether direct or derivative, that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law as claims, cross-claims, counterclaims, or third-party claims, based upon, arising out of, relating to, or in connection with the Settled Claims.  Accordingly, to the full extent provided under the law, the Court hereby bars all claims for contribution by (a) other alleged joint tortfeasors against the Released Parties; (b) by the Released Parties against any person or entity whose liability to the Class has been extinguished pursuant to the Agreement.

## J.   THE PRELIMINARY APPROVAL ORDER

1.      Promptly after execution of this Stipulation, Settling Defendants and Lead Plaintiffs shall submit the Stipulation, together with its exhibits, to the Court and shall jointly

**EXECUTION COPY**

apply for entry of a Preliminary Approval Order, in connection with settlement proceedings in this Settlement, substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing. The Preliminary Approval Order to be submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice of Pendency, Exhibit A-1 to the Preliminary Approval Order; (ii) the Summary Notice, Exhibit A-2 to the Preliminary Approval Order; and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).

2.     The Released Parties are not liable or responsible for the method of, or representations made in, the Notice or the Summary Notice.

3.     Any and all securities firms or transfer agents holding transfer records which indicate the legal owners of UTG common stock currently or during the Class Period will produce such transfer records in a usable electronic format to Lead Plaintiffs' Counsel or the Claims Administrator within ten (10) calendar days of entry of the Preliminary Approval Order.

**K.  ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT**

1.     The Settling Parties shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto disposing of this Litigation in its entirety.

**L.  CONDITIONS OF SETTLEMENT**

1.     The Effective Date of the Settlement shall be conditioned upon the occurrence of ALL of the following events:

a.     The Court shall enter the Preliminary Approval Order in all material respects, as required by paragraph J. above;

b.     No party shall have exercised within the required time period any right to terminate the Settlement as permitted by paragraph M. below;

31

**EXECUTION COPY**

c.     The Court shall enter the Order and Final Judgment in all material respects, as required by paragraph K. above;

d.     The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.11.;

e.     As to the Auditor Defendants or the UTG Defendants, that their respective Settlement Amounts shall have been paid, as set forth in paragraph C.1 or C.2, respectively.  For clarity, the Settlement with the Auditor Defendants is not dependent on any act of the UTG Defendants and the Settlement with the UTG Defendants is not dependent upon any act of the Auditor Defendants;

f.     As to the Auditor Defendants herein, that there is a full and final settlement of the *Tibet* Case as against ACSB.

2.     Upon occurrence of ALL of the events referenced in paragraph L.1. above (as applicable to the respective Defendants), Lead Plaintiffs shall have, and each and all of the members of the Class shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever, released, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties from and with respect to the Settled Claims, whether or not such members of the Class execute and deliver a Proof of Claim.

3.     Upon occurrence of ALL of the events referenced in paragraph L.1. above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Settling Defendants pursuant to paragraph M.4. or any other provision hereof shall be absolutely and forever extinguished.

**M. RIGHTS OF TERMINATION AND EFFECTS THEREOF**

1069482_1.docx

**EXECUTION COPY**

1.      Settling Defendants and the Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel of the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a.      the Court issues an order declining to enter the Preliminary Approval Order in any material respect;

b.      the Court issues an order declining to approve this Stipulation or any material part of it;

c.      the Court declines to enter the Order and Final Judgment in all material respects as required by paragraph K. above;

d.      the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court;

e.      in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court.

2.      If prior to the Settlement Hearing, (i) Persons who otherwise would be Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Class (excluding any Requests for Exclusion that have been validly retracted) in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased stock during the Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud

33

**EXECUTION COPY**

in connection with the purchase of more than the number of UTG shares specified in the Supplemental Agreement; then Settling Defendants, in their sole and absolute discretion, shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises. If required by the Court, the Supplemental Exclusion Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement. Any filing or such disclosure of the Supplemental Exclusion Agreement shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Exclusion Agreement, particularly the threshold aggregate number of shares discussed therein.  Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Settling Defendants no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

      a.    To exercise the Opt-out Termination Option, Settling Defendants must serve written notice, signed by their counsel, upon counsel for the other Settling Parties, not less than seven (7) days before the Settlement Hearing;

      b.    If one of Settling UTG Defendants exercises the Opt-out Termination Option as provided herein and in the Supplemental Agreement, this Stipulation shall be null and void as to the Settling UTG Defendants, and the provisions of this paragraph M. shall apply as to the Settling UTG Defendants.

**EXECUTION COPY**

c.      If one of Settling Auditor Defendants exercises the Opt-out Termination Option as provided herein and in the Supplemental Agreement, this Stipulation shall be null and void as to the Settling Auditor Defendants, and the provisions of this paragraph M. shall apply as to the Settling Auditor Defendants.

3.      If the Gross Settlement Amount payable pursuant to paragraph C.1. of this Stipulation is not paid by a particular Settling Defendant, then Lead Plaintiffs, in their sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, (a) to terminate the Settlement as to the non-paying Settling Defendant by providing written notice to the Settling Parties; or (b) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

4.      Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Class pursuant to the terms of the Stipulation, to Settling Defendants pro-rata to the amount actually paid by each respective Settling Defendant within ten (10) business days thereafter (the "Returned Settlement Amount").

5.      If this Stipulation is terminated pursuant to its terms, and at the request of any Settling Defendant or Lead Plaintiffs, the Escrow Agent or his designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Settling Defendants.

6.      If this Stipulation is terminated pursuant to its terms, all of the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and

**EXECUTION COPY**

the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation, except that the provisions of paragraphs E.1.-3., G., M.5.-7., N.11.-12., and N.14. shall survive termination.

7.      No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

### N. MISCELLANEOUS PROVISIONS

1.      The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.      The Settling Parties acknowledge and warrant as follows:

a.      By executing this Stipulation, each of the Settling Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.      By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without the consent, approval, or authorization of any person, board, entity, tribunal, or other regulatory or governmental authority;

c.      By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require

36

**EXECUTION COPY**

any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party (is bound or affected;

      d.     By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, nonmonetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation;

      e.     By executing this Stipulation, each of the Settling Parties represents that no representations or promises of any kind or character have been made by any other Settling Party, Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided herein;

      f.     By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained herein;

      g.     By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims;

      h.     By executing this Stipulation, each of the Settling Parties represents that they have had the opportunity to be represented by counsel of their choice that is duly licensed to practice in the State of New Jersey throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation; and

1069482_1.docx

**EXECUTION COPY**

    i.  By executing this Stipulation, each of the Settling Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

    1.  Whenever this Stipulation requires or contemplates that a Settling Party shall or may give notice to the other, unless otherwise specified, notice shall be provided by email and/or next-day (excluding Saturday and Sunday) express delivery service as follows, and shall be deemed effective upon delivery to the indicated electronic or physical address, as the case may be, below:

(i)  If to Plaintiffs:
Laurence M. Rosen, Esq.
**The Rosen Law Firm, P.A.**
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

(ii)  If to UTG Defendants:
Allison M. Wuertz, Esq.
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-6541
Fax: (212) 894-5521

(iii)  If to ACS:
Clark E. Alpert, Esq.
**Weiner Lesniak LLP**
629 Parsippany Road
Parsippany, NJ 07054
Tel: (973) 352-8620
Fax: (973) 403-0010

(iv) If to ACSB, Acquavella, Chiarelli,
Shuster, or Berkower

William J. Kelly, Esq. (pro hac vice)
**Wilson, Elser, Moskowitz,**
**Edelman & Dicker LLP**

**EXECUTION COPY**

1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001

3.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

4.      Settling Defendants' Counsel and Lead Plaintiffs' Counsel represent that they are authorized to sign this Stipulation on behalf of their respective clients.

5.      No amendment or modification of this Stipulation shall be effective unless in writing and signed by the Settling Parties or their successors-in-interest.

6.      This Stipulation, and the exhibits attached hereto, constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

7.      Except as otherwise provided herein, each Settling Party shall bear its own costs. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses. The Released Parties shall have no other or further obligation to pay any Class Member or Lead Plaintiffs' Counsel for fees or expenses in connection with the Litigation or this Agreement, except as expressly provided for in this Agreement.

8.      Lead Plaintiffs' Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to

**EXECUTION COPY**

effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class.

9.      The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

10.      This Stipulation may be executed in one or more original, photocopied, facsimile or scanned counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. The Settling Parties shall exchange among themselves original signed counterparts of this Stipulation, and a complete set of executed counterparts of this Stipulation shall be filed with the Court.

11.      This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Settling Parties. No assignment shall relieve any party hereto of any obligations hereunder.

12.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of New Jersey without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

13.      The Lead Plaintiffs, on behalf of themselves and each member of the Class, and the other Settling Parties hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of

**EXECUTION COPY**

Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, Awards to Lead Plaintiffs, and enforcing the terms of this Stipulation.

14.    None of the Settling Parties shall be considered to be the drafter of this Stipulation or any provision hereof for purposes of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

15.    The Settling Parties agree that the mediator for the Litigation, Hunter Hughes, may assist them with any disputes on the terms of the Settlement until such time as there is an Effective Date.

16.    Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Settling Defendants of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any claims in the Litigation or of any wrongdoing by any Settling Defendant named therein. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any fault, liability, or wrongdoing by any person or entity.

17.    The Settling Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the  Class Members against the Released Parties with respect to the Settled Claims. Accordingly, unless the Court's Order and Final Judgment approving the Settlement does not become Final, the Settling Parties agree not to assert in any forum that the Litigation was brought by Lead Plaintiffs or defended by Settling Defendants in bad faith or without a reasonable basis. Additionally, the Settling Parties shall not

**EXECUTION COPY**

assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

18.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

19.     The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

20.     The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling

42

**EXECUTION COPY**

Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth herein.

**O.     DENIAL OF LIABILITY**

2.     The Settling Defendants have denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint.  Specifically, the Settling Defendants have denied and continue to deny, inter alia, the allegations that Lead Plaintiffs or the Class have suffered damages, that Defendants or any of them made or caused to be made any alleged misrepresentation or omission, and that any Defendant acted with scienter in making or causing any alleged misrepresentation or omission.

3.     Nonetheless, the Settling Defendants have concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the operation of their businesses without further distraction and diversion of their executive personnel with respect to the matter at issue in the Litigation. The Settling Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. The Settling Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

4.     The Settling Defendants entered into the Stipulation and the Settlement without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against any of the Settling Defendants on the merits

43

1069482_1.docx

**EXECUTION COPY**

of the claims asserted by the Lead Plaintiffs. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Settling Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of any of the Settling Defendants. The Settling Defendants entered into the Stipulation and Settlement based upon, among other things, the Lead Plaintiffs' agreement herein that, to the fullest extent permitted by law, neither the Stipulation nor any of the terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any of the Settling Defendants or any other matter adverse to any of the Settling Defendants or any of their respective related entities, except as expressly set forth herein.

5.        Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

**EXECUTION COPY**

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

1069482_1.docx

**EXECUTION COPY**

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen, Esq.
Jonathan Horne, Esq. (pro hac vice)
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399

Lead Counsel for Plaintiffs

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

William J. Kelly (pro hac vice)
1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001

-and-

Michael R. McAndrew
200 Campus Drive
Florham Park, NJ 07932-0668
Tel: (973) 624-0800
Fax: (212) 624-0808

Attorneys for Defendants ACSB,
Joseph P. Acquavella, Santo Chiarelli,
Samuel Shuster, and Maurice Berkower

**EXECUTION COPY**

**WEINER LESNIAK LLP**

_____

Clark E. Alpert
629 Parsippany Road
Parsippany, NJ 07054
Tel: (973) 352-8620
Fax: (973) 403-0010

Attorneys for Defendants ACS

**KATTEN MUCHIN ROSENMAN LLP**

Richard H. Zelichov
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4680
Fax: (310) 712-8433

Attorneys for Defendants Universal Travel
Group, Inc., Jiangping Jiang, and Jing Xie

46