EXHIBIT D

Universal Travel Group, Inc. Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
Tel: (866) 274-4004
info@strategicclaims.net
www.strategicclaims.net

## PROOF OF CLAIM AND RELEASE

MUST BE POSTMARKED BY  _____

IF YOU PURCHASED THE PUBLICLY-TRADED COMMON STOCK OF UNIVERSAL TRAVEL GROUP, INC. ("UTG") DURING THE PERIOD FROM MARCH 12, 2009 THROUGH AND INCLUDING APRIL 11, 2011 (THE "CLASS PERIOD"), YOU MAY BE A "CLASS MEMBER" AND THEREFORE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.  HOWEVER, FILING A PROOF OF CLAIM IS NOT A GUARANTEE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN  _____, 20\_\_ TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Universal Travel Group, Inc. Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
Tel: (866) 274-4004
info@strategicclaims.net
www.strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 20\_\_ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY FROM THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL; SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROOF OF CLAIM OR REQUEST EXCLUSION FROM THE CLASS, YOU WILL BE BOUND BY THE TERMS OF ANY ORDER AND JUDGMENT ENTERED IN THE LITIGATION.

## DEFINITIONS AND INSTRUCTIONS

1. All capitalized terms used in this Proof of Claim and Release are defined in the Notice.

2. How To Identify Yourself For the Form:

    You are a beneficial and record acquirer if you:

- Acquired UTG common stock from March 12, 2009 through and including April 11, 2011 on a national securities exchange or an electronic quotation system, and

- Held the certificate(s) in your name.

You are the beneficial acquirer and a third party is the record acquirer if:

- The certificate(s) were registered in the name of a third party. A third party could be a nominee or brokerage firm.

**Please Note: This Proof of Claim must be filed by the actual beneficial acquirer(s), or the legal representative of such acquirer(s), of the UTG common stock purchased or sold in the Class Period.**

3. All joint purchasers of UTG common stock must sign this Proof of Claim and Release. Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim on behalf of persons represented by them; a copy of proof of their authority must accompany this Proof of Claim, and their titles or capacities must be stated. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.
i4. Use Part II, entitled "Schedule of Transactions in UTG Common Stock", to supply all required
4. Use Part II, entitled "Schedule of Transactions in UTG Common Stock", to supply all required information regarding your ownership of and transaction(s) in UTG common stock. If you need more space or additional schedules, attach separate sheets with all of the same information. Sign and print or type your name on each additional sheet.

5. List each purchase and sale from March 12, 2009 through and including April 11, 2011, separately and in chronological order, by trade date. Start with the earliest date. You must accurately provide the month, day and year of each transaction you list, along with the quantity and selling price.
馴6. Any loans of UTG common stock to persons engaged in a "short sale" are not considered a sale.
6. Any loans of UTG common stock to persons engaged in a "short sale" are not considered a sale.
c7. You must attach photocopies of the documentation of all your transactions in UTG common stock.
7. You must attach photocopies of the documentation of all your transactions in UTG common stock. This includes any one of these documents: broker confirmation slips, broker statements, or other documentation. Failure to provide this documentation will delay verification of your claim and could result in rejection of your claim. Please do not send original documents.

8. The Claims Administrator may request additional information as required to calculate your claim. If the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class, it may require the production of additional information.

*Notice Regarding Electronic Files:* Certain claimants with a large number of transactions, such as institutional holders, may ask (or be asked) to submit claim information in an electronic format. The Claims Administrator will decide when electronic filing of information will be authorized. In these cases, all claimants **must also submit** a manually-signed paper Proof of Claim and Release form, listing all transactions in UTG common stock. Only electronic files authorized by the Claims Administrator will be considered properly submitted.

CLAIMANT'S STATEMENT

1. I (we) purchased or acquired the publicly-traded common stock of Universal Travel Group, Inc. ("UTG") and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase or acquire UTG stock during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice, or am (are) acting for such person(s); that I am (we are) not a Defendant in the Litigation; that I am (we are) not excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.

3. I (we) consent to the jurisdiction of the Court with respect to this Claim, the enforcement of all related releases, and all questions concerning the validity of this Claim. I (we) understand and agree that my (our) claim may be subject to verification on all issues, including investigation and discovery to determine my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with the processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of UTG common stock during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of UTG common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

> **Upon the occurrence of the Court's approval of the Settlement and its Effective Date, as detailed in the Notice, I (we) agree and acknowledge that I (we) am (are) bound by the terms of any judgment in the Litigation, and my (our) signature(s) on this document will effect and constitute a full and complete release, remise and discharge by me (us) and my (our) current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns of each of the "Released Parties" of all "Settled Claims" and "Unknown Claims," as defined in the Notice.**
>
> **"Released Parties" means:**
> The UTG Defendants and, whether or not identified in any complaint filed in the Class Action, each and all of every Settling Defendant's past and present directors, officers and employees, controlling stockholders, partners, members, affiliates, principals, agents, representatives, stockholders, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, investment bankers, commercial bankers, underwriters, financial or investment advisors, advisors, consultants,

accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, assigns, executors, personal representatives, marital communities, associates, related or affiliated entities, general or limited partners or partnerships, limited liability companies, member firms, estates, administrators, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries, or any persons or other entities in which any Released Party has a controlling interest or which is related to or affiliated with any Released Party , and any other representatives of any of these Persons or other entities, whether or not any such Released Party was named, served with process or appeared in the Class Action.

Each of the Auditor Defendants and any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, insurers (and their respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, Auditors, agents and representatives), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which the Auditor Defendants have or had a controlling interest or which is or was related to or affiliated with any of the Auditor Defendants, and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any of the Auditor Defendants.

"Settled Claims" means any and all claims (including Unknown Claims), demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, concealed or hidden, asserted or unasserted, that have been or could have been asserted in this Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual, class, direct, representative, legal, equitable or any other type or in any other capacity, which Plaintiffs or any Member of the class ever had, now has, or hereafter can, shall, or may have by reason of, arising out of, relating to, or in connection with the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, set forth, referred to or otherwise  related, directly or indirectly, to the Litigation and/or the Complaint, including without limitation, any disclosures made in connection with any of the foregoing, except claims to enforce the Settlement. For the avoidance of doubt, derivative claims are specifically excluded from Settled Claims and are not released by this Settlement.

 "Unknown Claims" means any Settled Claim which Lead Plaintiffs or any member of the Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it, might have affected his, her or its decision with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, and any Settling Defendants' Claims which any Settling Defendant does not know or expect to exist in his or its favor, which if known by him or it might have affected his or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settling Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and Settling Defendants shall expressly waive, and each Class Member shall be deemed to have and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542 which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at

the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

7. If I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, this release is made by it, him, her or them, and by its, his, her or their **current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns. Note: This means that you are giving up all rights to sue concerning the claims in this Litigation and all related claims, defined as the "Settled Claims".**

8. **I (we) have not submitted any other claim covering the same acquisitions or sales of UTG common stock. I (we) know of no other Person having done so on my (our) behalf.**

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| | |
| Address: | |
| | |

| City: | State: | ZIP: |
|---|---|---|
| | | |

| Foreign Province: | Foreign Country: |
|---|---|
| | |

| Day Phone: | Evening Phone: |
|---|---|
| | |

| Email: |
|---|
| |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|
| | | |

| Check One: | ☐ **Individual** |
|---|---|
| | ☐ **Joint Owners (if any, identify here):** |
| | ☐ **IRA** |
| | ☐ **Estate** |
| | ☐ **Corporation** |
| | ☐ **Other (please specify):** |

## II. SCHEDULE OF TRANSACTIONS IN UNIVERSAL TRAVEL GROUP, INC. COMMON STOCK

### Opening Holdings:
State the total number of shares of UTG common stock owned at the close of trading on March 11, 2009, long or short.

### Purchases:
Separately list each and every open market purchase of UTG common stock during the period from March 12, 2009 through and including April 11, 2011 and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### Sales:
Separately list each and every sale of UTG common stock during the period from March 12, 2009 through and including April 11, 2011 and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |

Page 6 of 8

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**
State the total number of shares of UTG common stock owned at the close of trading on April 11, 2011, long or short (*must be documented*).

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|--|--|--|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Page **7** of **8**

Please enclose proof of authority to file.

Date: _____

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 20\_\_ AND MUST BE MAILED TO:**

Universal Travel Group, Inc. Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
Tel: (866) 274-4004
info@strategicclaims.net
www.strategicclaims.net

A Proof of Claim received by the Claims Administrator will be deemed to have been submitted when posted, if mailed by first-class mail by _____, 20\_\_ and if a postmark is indicated on the envelope.  In all other cases, a Proof of Claim will be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please be patient.

REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim on page \_\_.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach copies of supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim or any supporting documents.

- If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.