UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| P. VAN HOVE BVBA, PASCAL VAN HOVE GCV, JOHN THOLLON, MICHAEL ZABINSKI, JEAN DOYLE, AND MARK LAROSA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, JIANG XIE, JIDUAN YUAN, LAWRENCE LEE, LIZONG WANG, DAVID T. SVOBODA, AND ACQUAVELLA, CHIARELLI, SHUSTER & CO., LLP, ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP, JOSEPH P. ACQUAVELLA, SANTO CHIARELLI, SAMUEL SHUSTER, AND MAURICE BERKOWER,<br><br>Defendants. | CASE No.: 2:11-cv-2164 (JMV) (JBC)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, (i) Lead Plaintiffs the Van Hove Group: P. Van Hove Bvba, Pascal Van Hove GCV, John Thollon, Michael Zabinski, Jean Doyle, and Mark Larosa ("Lead Plaintiffs") who have each moved for appointment as proposed class representatives (the 'Proposed Class Representatives') in connection with the proposed settlement, on behalf of the putative Class; (ii) Universal Travel Group, Inc. ("UTG"), Jiangping Jiang, and Jing Xie (collectively the "Settling UTG Defendants"); and (iii) Acquavella, Chiarelli, Shuster, Berkower & Co., LLP ("ACSB"), Joseph P. Acquavella ("Acquavella"), Santo Chiarelli ("Chiarelli"), Samuel Shuster ("Shuster"), and Maurice Berkower ("Berkower"), Acquavella, Chiarelli, Shuster & Co., LLP ("ACS"), (ACS, ACSB, Acquavella, Chiarelli, Shuster and Berkower and with ACSB the "Settling Auditor Defendants" (but in no way does this imply that ACS was an auditor of UTG, but it is done for

ease of reference only)) have entered, by and through their respective counsel, into a settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation and Agreement of Settlement dated June 2016 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Third Amended Class Action Complaint for Violation of the Federal Securities Laws (the "TAC") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 29th day of December, 2016, that:

1. Capitalized terms used herein have the meanings defined Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all persons or entities who purchased the publicly traded common stock of UTG from March 12, 2009 through and including April 11, 2011, and who were damaged thereby. Excluded from the Class are:

   (a) The Settling UTG Defendants, the Auditor Defendants, all present and former officers and/or directors of UTG (the "Immediate Excluded Persons"), and the members of the Immediate Excluded Persons' immediate families and their heirs,

successors and assigns, any person, firm, trust, corporation, officer, director, or other individual or entity in which any excluded person has a controlling interest or which is related to or affiliated with any of the excluded persons, and all such Immediate Excluded Persons' successors-in-interest or assigns;

(b) Those persons who file valid and timely requests for exclusion.

3. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Proposed Class Representatives are typical of the claims of the Class they seek to represent; (d) the Proposed Class Representatives will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Proposed Class Representatives are certified as the class representatives on behalf of the Class, and Lead Plaintiffs' Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel ("Lead Counsel") for the Class.

5. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **June 6, 2017, at 10:00 a.m.** for the following purposes:

(a) to finally determine whether the Litigation satisfies the applicable

2

prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)   to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)   to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice as to the Settling Defendants only, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d)   to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)   to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses;

(f)   to consider any Class Member's objections to the Settlement; and

(g)   to rule upon such other matters as the Court may deem appropriate.

6.   The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint as to the Settling Defendants only on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

7.   The Court reserves the right to approve the Settlement, with such modifications as may be agreed upon or consented to by the Settling Parties, and without further notice to the Class

where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to D.E. 250 in the related matter *Dartell v. Tibet Pharmaceuticals, Inc.*, No. 14-CV-3620.

9. Lead Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

11. Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed to D.E. 250 in *Dartell v. Tibet Pharmaceuticals, Inc.*, to be mailed, by first class mail, postage prepaid, within thirty-five (35) calendar days of the entry of this Order (the "Notice Date"), to all Class Members who can be identified with reasonable effort by the Claims Administrator. Lead Counsel, through the Claims Administrator, shall use the cover letter and envelope attached as Ex. C to D.E. 250 for this mailing.

12. Lead Counsel is authorized to establish an Escrow Account and to pay all Notice and Administration Expenses from it, both before and after the Effective Date of the Settlement.

13. Any and all securities firms or transfer agents holding transfer records which indicate the legal owners of UTG common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or the Claims Administrator within ten (10) calendar days of receipt of a copy of this Order.

4

14. Lead Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased UTG common stock during the Class Period. Such nominee purchasers are directed to, within ten (10) days of receipt, forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners up to a maximum of $0.75 per Notice.

15. Lead Counsel shall, at or before the Final Settlement Hearing, serve upon Settling Defendants' Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Class Members and to nominees.

16. Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within thirty-five (35) calendar days of the date of this Order. Lead Counsel shall, at or before the Final Settlement Hearing, serve upon Settling Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

17. The Claims Administrator shall scan and send electronically copies of all Requests for Exclusion from and objections to the Class settlement in PDF format (or such other format as shall be agreed) to counsel for each of the Settling Defendants and to Lead Plaintiffs' Counsel expeditiously after the Claims Administrator receives such Requests for Exclusion or Objections.

18. The forms and methods set forth herein of notifying the Class of the Settlement

5

and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

19.  In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)  A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-nine (79) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)  The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing

6

the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)     Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to allow him/her/it to remedy curable deficiencies in the Proof of Claim submitted. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) **from receipt of the notice of deficiency** to cure such deficiency if it shall appear that such deficiency may be cured.

        (d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

20.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such

7

request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Final Settlement Hearing to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of UTG common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. Copies of all Requests for Exclusion received shall be delivered to Settling Defendants' Counsel as soon as possible after receipt and no less than fourteen (14) calendar days prior to the Settlement Hearing. Copies of all written revocations of Requests for Exclusion shall be delivered to Settling Defendants' Counsel as soon as possible after receipt and no less than seven (7) calendar days prior to the Settlement Hearing.

22. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Proposed Class Representatives only if such comments or objections and any supporting papers are served to be received at least twenty-one days (21) calendar days prior to the Final Settlement Hearing, upon the following:

8

**CLASS COUNSEL**[1]:

**The Rosen Law Firm, P.A.**
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of New Jersey, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection): (1) name, address, and telephone number of the Class Member and his or her signature, (2) a list of all purchases and shares of UTG Stock during the Class Period (3) all grounds for the objection, (4) the name, address, and telephone number of all counsel who represent the Class Member, (5) a statement confirming whether they plan to appear at the Final Approval Hearing, and (6) the number of times the Class Member filed an objection to a class action settlement in the previous five years, the case name, and the nature of each such objection. Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

24.     Any Class Member who does not object in the manner prescribed above shall be

---

[1] The parties have not indicated that Defense Counsel for the settling UTG or Auditor Defendants must receive notice of any comments or objections to the settlement in advance of the Settlement Hearing.

9

deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiffs.

25. The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

26. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed and served twenty-eight (28) calendar days before the Final Settlement Hearing.

27. Any submissions filed in response to any objections or requests for exclusion, or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Proposed Class Representatives, shall be filed no later than seven (7) calendar days prior to the Final Settlement Hearing.

28. The Claims Administrator shall administer and calculate the claims of Class Members that it determines should be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. Neither the Settling Defendants nor Settling Defendants' Counsel shall have any rights with regard to, or liability, obligation or responsibility for, the administration of the Gross Settlement Fund or Net Settlement Fund or the distribution of the Net Settlement Fund, and shall not comment thereon or on the Claims Administrator's determinations on Proofs of Claim.

29. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any

Settled Claims. In addition, the Litigation is stayed.

30. If the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Released Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

31. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or more of the Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

_____
HON. JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE