UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| P. VAN HOVE BVBA, PASCAL VAN HOVE GCV, JOHN THOLLON, MICHAEL ZABINSKI, JEAN DOYLE, AND MARK LAROSA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL TRAVEL GROUP, INC., JIANGPING JIANG, YIZHAO ZHANG, JIANG XIE, JIDUAN YUAN, LAWRENCE LEE, LIZONG WANG, DAVID T. SVOBODA, AND ACQUAVELLA, CHIARELLI, SHUSTER & CO., LLP, ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP, JOSEPH P. ACQUAVELLA, SANTO CHIARELLI, SAMUEL SHUSTER, AND MAURICE BERKOWER,<br><br>Defendants. | CASE No.: 2:11-cv-2164 (JMV) (JBC)<br><br>[PROPOSED] ORDER AND FINAL JUDGMENT |

On the 6th day of June, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 1, 2016 are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendants Universal Travel Group, Inc., ("UTG") Jiangping Jiang, and Jing Xie (collectively "UTG Defendants") and Acquavella, Chiarelli, Shuster, Berkower & Co., LLP ("ACSB"), Joseph P. Acquavella ("Acquavella"), Santo Chiarelli ("Chiarelli"), Samuel Shuster ("Shuster"), and Maurice Berkower ("Berkower"), Acquavella, Chiarelli, Shuster & Co., LLP ("ACS"), (ACS, ACSB, Acquavella, Chiarelli, Shuster and Berkower the "Settling Auditor Defendants" (but in no way does this imply that ACS was an auditor of UTG, but it is done for ease of reference only)); and (2) whether to approve the proposed Plan of Allocation as a fair and

1

reasonable method to allocate the Net Settlement Fund among Class Members;

The Court having considered all matters submitted to it at the hearing and otherwise;

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms not defined herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Proposed Class Representatives, all Class Members and the Settling Defendants.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Proposed Class Representatives are typical of the claims of the Class they seek to represent; (d) Proposed Class Representatives fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Class is being certified for settlement purposes only.

2

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Class all persons or entities who purchased the publicly traded common stock of UTG from March 12, 2009 through April 11, 2011, inclusive, and who were damaged thereby. Excluded from the Class are:

   a.   Settling Defendants, all present and former officers and/or directors of UTG and ACSB; and the members of such excluded persons' immediate families and their heirs, successors and assigns, any person, firm, trust, corporation, officer, director, or other individual or entity in which any excluded person has a controlling interest or which is related to or affiliated with any of the excluded persons, and all such excluded persons' successors-in-interest or assigns;

   b.   Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Proposed Class Representatives are certified as the class representatives and the Lead Plaintiffs' Counsel previously selected by Proposed Class Representatives and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6.      The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u- 4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice

to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment, whether or not such Class Member executes and delivers the Proof of Claim.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Proposed Class Representatives and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, which is incorporated herein by reference and made part of this Order.

8. The Litigation and the Complaint are hereby dismissed with prejudice and without costs with respect to the Settling Defendants.

9. Proposed Class Representatives and the Class Members (other than those listed on Exhibit A hereto), on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims (including, without limitation, unknown claims). Proposed Class Representatives and the Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

10. Each of the Settling Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Settled Defendants' Claims against the Proposed Class Representatives, any of the Class Members and any of their counsel, including Lead Counsel for the Class and any counsel working under Lead Counsel's direction.

11. The Released Parties are by virtue of the Stipulation hereby released and discharged from all claims for contribution, whether direct or derivative, that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law as claims, cross-claims, counterclaims, or third-party claims, based upon, arising out of, relating to, or in connection with the Settled Claims. Accordingly, to the full extent provided under the law, the Court hereby bars all claims for contribution by (a) other alleged joint tortfeasors against the Released Parties; and (b) by the Released Parties against any person or entity whose liability to the Class has been extinguished pursuant to the Agreement. Moreover, the Court hereby bars all claims of indemnification between any named parties to this Action.

12. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

13. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Settling Defendants (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Proposed Class Representatives or the Class, are hereby permanently barred and discharged. Any such claims brought by Settling Defendants against any Person or entity (other than Persons or entities whose liability to Lead Plaintiffs or the Class is extinguished by this Judgment) are likewise

permanently barred and discharged. Further, nothing in the Stipulation or this Order shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

14. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    (a) referred to or used against the Released Parties or against Lead Plaintiffs or the Class as evidence of wrongdoing by anyone;

    (b) construed against the Released Parties or against Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    (c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

    (d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any Settling Party in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16. Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment.

17. Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Proposed Class Representatives' application for an award of Attorneys' Fees and Expenses.

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

21. Lead Counsel is awarded attorneys' fees of $1,358,333 and reimbursement of expenses of $67,552.15. The attorneys' fees awarded by this Paragraph 21 do not supplement but instead replace any previous award of attorneys' fees and costs in this case.

Dated: June 30, 2017

_____
HON. JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE